1
2
3
4
5
6                          UNITED STATES DISTRICT COURT
                          WESTERN DISTRICT OF WASHINGTON
7                                    AT SEATTLE

8   REMINGTON DONO LEBOE,

9                            Plaintiff,                 CASE NO. 2:21-cv-01336-RSM-BAT

10          v.                                          **REPORT AND
                                                        RECOMMENDATION**
11  MARISSA ALVAREZ, et al.,

12                           Defendant.

13          Plaintiff, who is detained at the King County Jail filed a *pro se* 42 U.S.C. § 1983 prisoner

14  civil rights complaint against the following Defendants: King County Jail Officer Marissa

15  Alverez; King County Jail Medical Grievance Coordinator Bauer; Seattle Police Officer (SPD)

16  Stephanie Parker; SPD Officer Darin Stribling; 26 unknown SPD Officers; SPD Detective Dana

17  Lauer; Informant "EBay Josh; King County Officer John Doe; SPD Sergeant Dan Aryuer; SPD

18  Detective Chris Fox; SPD Detective Michel Liegh; SPD Officer Regina Padgett and SPD Officer

19  Parker; Warden of King County Jail Ron Clark; an unknown doctor at Harborview Medical

20  Center.  Dkt. 6. By separate order Plaintiff has been granted to leave to proceed *in forma*

21  *pauperis.* Dkt. 5.

22          As discussed below, the present complaint is one of a series of complaints in which

23  Plaintiff alleges Defendants violated his "right to safety" among other things. As relief he

REPORT AND RECOMMENDATION - 1

requests in this case that he be granted a jury trial, access to a law library for eight hours each week, money damages, debriefing by King County Sheriffs, the Washington State Patrol, the Seattle Police Department, Terry Tuipallo of SeaTac Airport, and the security agency protecting the "son of Barrack Obama, Chelsea Clinton, Hillary Clinton, Cristine Gregoire and "unnamed 5 year old male child." *Id.* at 24. Plaintiff also seeks a "Court order granting that since my investigations are without a doubt atrophy, since its 89 deaths and 170 child rapes, exploitation, white slavery, or political terrorist and treason returns, I be granted indigent status." *Id.* at 25.

The Court has reviewed the proposed complaint and recommends it be DISMISSED with prejudice because it is duplicative of allegations Plaintiff has raised in other earlier filed civil rights complaints that are still pending in this Court. The duplicative nature of the present complaint cannot be cured by amendment and thus the Court should deny leave to amend as futile.

## DISCUSSION

**A.    Legal Standards**

The Court screens complaints filed by detainees under 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if it is: (1) frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." § 1915A(b); *accord* § 1915(e)(2); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). In *Denton v. Hernandez*, 504 U.S. 25, 33, (1992), the Supreme Court held a district court may dismiss an *in forma pauperis* complaint under 28 U.S.C. § 1915(d) as frivolous if "the facts alleged rise to the level of the irrational or the wholly incredible."

REPORT AND RECOMMENDATION - 2

While § 1915(d) does not define "frivolous or malicious," courts have uniformly agreed, at a minimum, a malicious lawsuit is one that is duplicative of another federal lawsuit involving the same plaintiff and defendant. *See, e.g., Spillard v. Costa*, 2020 WL 5039205 at * 1 (E.D. Cal. Aug. 26, 2020) ("[A] duplicative action arising from the same series of events and alleging many of the same facts as an earlier suit" may be dismissed as frivolous or malicious under section 1915(e).") (citing *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988)).  "Dismissal of the duplicative lawsuit, more so than the issuance of a stay or the enjoinment of proceedings, promotes judicial economy and the 'comprehensive disposition of litigation.'" *Adams v. California Dep't of Health Servs.,* 487 F.3d 684, 692 (9th Cir. 2007) (citation omitted), overruled on other grounds *by Taylor v. Sturgell,* 553 U.S. 880, 904 (2008); *see also Adams v. California Department of Health Services*, 487 F.3d 684, 688 (9th Cir. 2007) ("Plaintiffs generally have no right to maintain two separate actions involving the same subject matter at the same time in the same court against the same defendant.").

Further to avoid dismissal, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009). The factual allegations must be "enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint may be dismissed if it lacks a cognizable legal theory or states insufficient facts to support a cognizable legal theory. *Zixiang v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013).

Plaintiff has filed a complaint under § 1983. To sustain a § 1983 civil rights claim, plaintiff must show (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state or federal law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Crumpton v. Gates*, 947 F.2d 1418,

1   1420 (9th Cir. 1991). To satisfy the second prong, plaintiff must allege facts showing how

2   individually named defendants caused or personally participated in causing the harm alleged in

3   the complaint. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

4   **B.    Plaintiff's Allegations**

5          Plaintiff's allegations are not easy to follow. In Count I, Plaintiff alleges his "right to

6   safety" was violated by "Detective Chris" and a church owner regarding an "armed robbery. Dkt.

7   6 at 8. Plaintiff alleges these defendants poisoned him with "china white" and left him to be

8   robbed. Plaintiff mentions "members of a gay sex cult" and that defendants acted "in retribution

9   of 2003 investigation" that Plaintiff requested. *Id.* at 9. Plaintiff alleges the church owner is being

10  investigated for biotoxic weapon testing, treason, mass rape, sex exploitation, death, brain

11  damage. *Id.* Plaintiff alleges he has twice been placed into the King County jail in regards to

12  these misdeeds and has filed lawsuits in this court under *Remington v. King County Adult and*

13  *Juvenile* Detention, 2:21-cv-01028-RAJ-JRC and *Leboe v. King County Correctional Facility, et*

14  *al.,* 2:21-cv-0186-RAJ-DWC.

15         In Count II, Plaintiff alleges his girlfriend was "raped." Dkt. 6 at 11. Plaintiff alleges

16  Defendant Dan Aryuer and a person named Dan Blackburn "prohibited my investigation." *Id.*

17  Plaintiff alleges the defendants previously prevented "my reporting child murder." *Id.* Plaintiff

18  alleges at some point he called 911 and 26 officers were "called in" and he ended up with a

19  broken arm. *Id.* at 12.

20         In Count III Plaintiff again alleges "right to safety" and also "the right to separation of

21  church and state." *Id.* at 12. Plaintiff alleges there was a SPD incident July 7-12 at 1006 E.

22  Mercer Street in which Plaintiff was assaulted when he was rushed by 26 officers. *Id.* at 13.

23  Plaintiff claims he was refused medical care when he was taken to Harborview Medical Center.

Plaintiff alleges officers were sent in to interview him and these officers had something to do with a 2010 matter in which controlled substances were being manufactured at Sandpoint Naval Base using items obtained locally and from "Russian and Oriental sources." *Id.* at 15. All of this is somehow related to allegations Plaintiff has raised in *LeBoe v. King County Correctional facility*, 2:cv-21-01086-RAJ-DWC. *Id.*

Plaintiff further alleges Judge Kimi Kondo placed him as "sexual predatory probation retrieval and abscond bail jump." *Id.* at 16. Plaintiff claims the Washington State Patrol came to him in regard to a 2016 investigation and Judge Kondo and a Lake Forest Park Judge requested Plaintiff to investigate "Somalia rapes and robberies" and this led to Plaintiff being beaten and robbed. *Id.* at 16. Plaintiff also indicates he was stabbed and assaulted by 26 police officers, an informant poisoned Plaintiff and Plaintiff has a grand mal seizure at QFC. Plaintiff alleges he has been beaten on Summit and Roy Street by two "45 year old native American" who work for the state department of transportation. *Id.* at 20-21.

## C.    Duplicative Nature of Allegations

The allegations contained in the present complaint duplicate allegations Plaintiff has made in other civil rights complaints that he filed earlier. As noted above, the present complaint in fact alleges that Plaintiff has already filed lawsuits regarding the claims raised here. In *LeBoe v. King County Sheriff, et al.,* 2:21-cv-01110-BJR-SKV, Plaintiff alleges Plaintiff is a peace officer sworn in by Judge Kimi Kondo, was investigating treason, sex crimes, white slavery, multi-international murder; was involved in some type of robbery matter occurring at Mercer Street in July, 2019 and is in the King County jail as a result where he has been exposed to misdeeds. The complaint requests Plaintiff be "debriefed" regarding crimes occurring over the past 30 years. *See* Dkt. 6 (case number 21-01110). Plaintiff filed a response to the Court's order

REPORT AND RECOMMENDATION - 5

1   to show cause why this complaint should not be dismissed and refers to Seattle Police

2   Misconduct, Detective Blackburn, and the investigation of Somali individuals involved in white

3   slavery, murder, and treason.

4       In *Willingham v. KCCF Officer Mendoza*, *et al*., 2:21-01028-RAJ-JRC, Plaintiff alleges

5   defendants violated his "right to safety" and due process. Plaintiff alleges retaliation; that Judge

6   Kimi Kondo deputized him and said he was a child molester; that Defendants assaulted him, and

7   he was beaten in retaliation for investigating sex crimes, the death of 87 people, treason, drug

8   manufacturing; that Plaintiff was assaulted in July 2021 and has been attacked or assaulted since

9   1995.

10      In *LeBoe v. King County Corrections, et al.,* 2:21-cv-1086-RAJ-DWC, Plaintiff alleged

11  Defendants refused to report Plaintiff's investigation into treason, presidential assassination,

12  biotechnical and biogenetic weapons, and the attempt on Barrack Obama's son. The complaint

13  further alleges assaults on Plaintiff including sexual abuse.

14      In short, the present complaint is the fourth complaint revolving around allegations of

15  right to safety, assault, sexual abuse, treason, white slavery, misconduct at the King County Jail

16  and the defendants' refusal to acknowledge Plaintiff's status as an officer sworn by Judge Kondo.

17  The present complaint duplicates or refers to allegations that already were raised in earlier filed

18  civil rights complaints that are currently pending in this Court. The complaint should accordingly

19  be dismissed as duplicative.

20                          **OBJECTIONS AND APPEAL**

21      This Report and Recommendation is not an appealable order.  Therefore, a notice of

22  appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the

23  assigned District Judge enters a judgment in the case.

REPORT AND RECOMMENDATION - 6

Objections, however, may be filed no later than **October 29, 2021.**  The Clerk should note the matter for **October 29, 2021**, as ready for the District Judge's consideration.  The failure to timely object may affect the right to appeal.

DATED this 15th day of October, 2021.

BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION - 7